UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.:

ROBERT BREWSTER
and other similarly-situated individuals,

        Plaintiff (s),

v.

CAMPANY ROOF MAINTENANCE ROOFING
DIVISION, LLC, and EDWARD CAMPANY,
individually,

Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ROBERT BREWSTER, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants CAMPANY ROOF MAINTENANCE ROOFING DIVISON, LLC, hereinafter (CAMPANY ROOFING) and EDWARD CAMPANY, individually and alleges:

### **JURISDICTION VENUES AND PARTIES**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ROBERT BREWSTER is a resident of Palm Beach County, Florida, Plaintiff is a covered employee for purposes of the Act.

1

3.  Defendant CAMPANY ROOF MAINTENANCE ROOFING DIVISION, LLC (hereinafter CAMPANY ROOFING, or Defendant) is a Florida corporation having its main place of business in West Palm Beach, Palm Beach County, Florida where Plaintiff worked for Defendant. At all times, Defendant was engaged in interstate commerce.

4.  The individual Defendant EDWARD CAMPANY was and is now, owner/partner and or manager of the Corporation. Defendant EDWARD CAMPANY is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  All the actions raised in this complaint took place in Palm Beach County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6.  This cause of action is brought by Plaintiff ROBERT BREWSTER to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7.  Corporate Defendant CAMPANY ROOFING is a commercial contracting company that specialized in roofing installation, roofing repairs and maintenance.

8.  Defendant CAMPANY ROOFING employed Plaintiff ROBERT BREWSTER as a non-exempt employee, from approximately 2010 to the present. Plaintiff's current hourly rate is $15.00 an hour and his current overtime rate should be $22.50 an hour.

9.  During Plaintiff's employment time, he worked more than 40 hours every week. However, he was compensated for 40 hours or less per week.

10. Plaintiff was hired and has performed services for Defendant as a driver/ laborer. Plaintiff was required to report to work every day at 5:45 AM, at CAMPANY ROOFING's offices where he would load his vehicle with a crew, materials and travel to the designated work site. Plaintiff would not be placed on the clock as working for Defendant until 8:00 a.m. every day despite arriving to work at his designated time of 5:45 a.m. Plaintiff's actual hours worked were not documented.

11. Notwithstanding the circumstances, Plaintiff was ready, willing, and able to work at 5:45 AM every morning, and completed activities (loading equipment and materials) which were indispensable to perform his principal job assignments at the worksite before his alleged designated start time of 8:00 AM. Defendants required Plaintiff to report to work at 5:45 AM every morning, but they did not pay Plaintiff for this compensable, preliminary activities.

12. Consequently, Plaintiff had a regular schedule From Monday to Saturday from 6:00 AM to 5:30 PM, and often did not stop working until 6:00 p.m. Additionally, their were times when Brewster was sent to locations that would not have him completing his work day until 7:00 p.m. at night. Therefore, Plaintiff worked approximately 65 to 70 hours in a normal work week.

13. Defendant did not have any reliable time-keeping method and did not keep track of hours worked by Plaintiff and other similarly situated employees. Defendant employed a secretary whom at times called Plaintiff for his hours, but the method of documenting those hours was not shared with Plaintiff, and it is unknown if those hours were documented at all.

14. Plaintiff was paid weekly with checks covering 40 regular hours or less at the rate of $11.00 to $15.00 an hour, depending upon the time frame which is covered by this action.

Plaintiff was provided with paystubs reflecting only 30 to 40 hours of work or every week period. Plaintiff was never in agreement with the hours paid to him.

15. Defendant failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

16. Plaintiff ROBERT BREWSTER seeks to recover unpaid overtime wages, liquidated damages, and any other relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

18. Plaintiff ROBERT BREWSTER re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This cause of action is brought by Plaintiff ROBERT BREWSTER as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 24,2014 to the present, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

4

20. Defendant CAMPANY ROOFING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is a roofing repair and maintenance company. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

21. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a roofing repair employee, and through his daily activities, Plaintiff handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

22. Defendant CAMPANY ROOFING employed Plaintiff ROBERT BREWSTER as a non-exempt employee, from approximately March 2010 to the present. Plaintiff's current hourly rate was $15.00 an hour and his current overtime rate should be $22.50 an hour.

23. During Plaintiff's employment time, he worked more than 40 hours every week period. However, he was compensated for 40 hours or less.

24. Plaintiff was required to report to work every day at 5:45 AM, at CAMPANY ROOFING's offices where he was provided materials and individuals to be taken to the worksite; around 6:00 AM Plaintiff and his designated crew loaded the truck with equipment and materials, and he would proceed to the worksite; usually they arrived around 7:00 AM; at the

worksite, Plaintiff at times was asked to wait until 8:00 AM to begin working. Plaintiff ended his shift at 5:30 PM to 6:00p.m. on average, and at times ended his workday later than that.

25. Notwithstanding the circumstances, Plaintiff was ready, willing, and able to work at 5:45 AM every morning, and completed activities (loading equipment and materials) which were indispensable to perform his principal job assignments at the worksite before his alleged start time of 8:00AM. Defendants did not pay Plaintiff for these compensable preliminary activities.

26. Consequently, Plaintiff had a regular schedule From Monday to Saturday from 6:00 AM to 5:30 PM, and often did not stop working until 6:00 p.m. Additionally, there were times when Brewster was sent to locations that would not have him completing his work day until 7:00 p.m. at night. Therefore, Plaintiff worked approximately 65 to 70 hours in a normal work week.

27. Defendant did not have any time-keeping method and did not keep track of hours worked by Plaintiff and other similarly situated employees.

28. Plaintiff was paid weekly with checks covering 40 regular hours or less, at the rate of $11.00 an hour to $15.00 per hour, depending on the period of time which is covered by this action.

29. Plaintiff was provided with paystubs reflecting only 40 hours of work or less, and Plaintiff was never in agreement with the hours paid to him.

30. Defendant failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

31. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

32. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

33. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid off and on the clock overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

It is believed that Plaintiff is entitled to a minimum of $46,937.25 in overtime compensation.

b. <u>Calculation of such wages</u>:

Total weeks of employment: 106 weeks

Relevant weeks with overtime hours: 106 weeks

Total number of hours worked: 65(average) hours per week

Total number or paid hours: 30-40 hours

Total number of overtime hours: 2576 hours

Regular rate: $11.00 an hour x 1.5 = $16.50 O/T rate

Regular rate $12.00 an hour x 1.5= $18.00

Regular rate $14.00 an hour x1.5=$21.00

Regular rate $15.00 an hour x 1.5=$22.50

The number of overtime hours x the relevant amount given the hourly rate of pay at that time = $46,937.25

7

34. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

35. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

36. At the times mentioned, individual Defendant EDWARD CAMPANY was the owner/partner/and manager of CAMPANY ROOFING, Defendant EDWARD CAMPANY was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of CAMPANY ROOFING, in relation to its employees, including Plaintiff and others similarly situated. Defendant EDWARD CAMPANY had financial and operational control of the corporation, provided Plaintiff and other similarly situated employees with their work schedule, determined terms and conditions of employment, and he is jointly liable for Plaintiff's damages.

37. Defendants CAMPANY ROOFING and EDWARD CAMPANY willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular

rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBERT BREWSTER and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ROBERT BREWSTER and other similarly- situated individuals and against the Defendants CAMPANY ROOFING and EDWARD CAMPANY on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ROBERT BREWSTER actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ROBERT BREWSTER and others similarly situated demand trial by jury of all issues triable as of right by jury.

Dated: March 24, 2017

Respectfully submitted,

/s/ Charles D. Thomas
Thompson & Thomas, PA
1801 Indian Road, Suite 100
West Palm Beach, FL 33409
(561) 651-4150 – Telephone
(561) 651-4151 - Facsimile
lawyers@tntlegal.com
*Attorney for Plaintiff*